IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| PLUMBERS AND PIPEFITTERS ) | |
| LOCAL NO. 572 *et al.* ) | |
| ) | |
| v. ) | Case No. 3:24-cv-01390 |
| ) | |
| CALDWELL PLUMBING COMPANY ) | |

To: Honorable Waverly D. Crenshaw, Jr., United States District Judge

## REPORT AND RECOMMENDATION

This complaint commencing this case has been pending for more than 90 days without evidence of valid service of process on Defendant Caldwell Plumbing Company. For the reasons discussed in more detail below, the undersigned respectfully recommends that this action be **DISMISSED WITHOUT PREJUDICE** under Rule 4(m) of the Federal Rules of Civil Procedure.[1]

### Background

This case, which commenced with the filing of a complaint on November 22, 2024 (Docket No. 1), in which Plaintiffs allege that Defendant, which is a party to a series of collective bargaining agreements (the "CBA") with Plumbers and Pipefitters Local 572, failed to submit monthly reports and contributions to the Plaintiffs' Health and Welfare, Pension, Annuity and Improvement Trust Funds and union dues in violation of the CBA. Summons were promptly issued. (Docket No. 6.)

---

[1] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

The initial case management conference was originally scheduled for February 13, 2024. (Docket No. 5.) The initial case management conference was rescheduled on Plaintiffs' motion (Docket No. 8) to allow time for Plaintiffs to serve Defendant. The February 6, 2025 order rescheduling the initial case management conference (Docket No. 9) expressly reminded Plaintiffs of the timing requirements for service of process, directed Plaintiffs to "file a return of service that conforms to Fed. R. Civ. P. 4(l)," and cautioned that "this case will be subject to dismissal without prejudice if service of process is not obtained in accordance with Fed. R. Civ. P. 4(m) and proven as required." (*Id*. at 2.) Despite these clear instructions, Plaintiffs have failed to demonstrate the Defendants was timely served with process.

## Legal Standards and Analysis

Rule 4(m) mandates that if a defendant is not served with process within 90 days of the filing of the complaint, "the court – on motion or on its own after notice to the plaintiff – **must** dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m) (emphasis added). "The burden is on the plaintiff to exercise due diligence to perfect service of process after the filing of the complaint and the burden is also on [the plaintiff] to establish that proper service has been made." *Campbell v. United States*, 496 F. Supp. 36, 39 (E.D. Tenn. 1980) (internal citations omitted); *see also Jones v. Volkswagen of America, Inc.*, 82 F.R.D. 334, 335 (E.D. Tenn. 1978). "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1).

Here, the Court continued the initial case management conference for the express purpose of allowing time for Plaintiffs to serve Defendant with process, specifically reminded Plaintiff of the timing requirements of Rule 4(m), directed the filing of proof of service under Rule 4(l), and

expressly cautioned Plaintiffs about the consequences for not timely effecting service. (Docket No. 2 at 2.) Despite these plain and clear instructions, Plaintiffs have taken no apparent action to effect service of process. Plaintiffs filed a motion for a further continuance of the initial case management conference but made no mention of the status of service of process on Defendant. Because Plaintiffs were notified of the prospect of dismissal for failure to effect service, such dismissal is now mandatory.[2]

## RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m).

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Judge's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[2] As described above, Plaintiff was provided notice of the potential dismissal of this case. Further, this report and recommendation provides additional notice.